IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RICHARD H. HATCH, JR.;<br>KRISTIN M. HATCH;<br>MORTGAGE LENDERS NETWORK USA,<br>INC., d.b.a. LENDERS NETWORK;<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC., as<br>NOMINEE FOR MORTGAGE LENDERS<br>NETWORK USA, INC.;<br>BANK OF AMERICA, N.A.;<br>CITIZENS BANK, N.A., f.k.a.<br>CITIZENS BANK of RHODE ISLAND;<br>STATE OF RHODE ISLAND,<br>DEPARTMENT OF REVENUE,<br>DIVISION OF TAXATION; and,<br>CITY OF NEWPORT TAX COLLECTOR,<br><br>　　　　Defendants. | Case No. 1:22-cv-332 |

## COMPLAINT

The United States of America, at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. § 7401, brings this civil action to (1) reduce to judgment unpaid federal income tax liabilities owed by Richard H. Hatch, Jr., and (2) enforce the federal tax liens against certain real properties located in Newport County, Rhode Island. For its complaint, the United States alleges as follows:

### JURISDICTION, PARTIES, AND PROPERTIES

1.　This district court has jurisdiction pursuant to 26 U.S.C. §§ 7402(a) and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345.

1

2. The defendant Richard H. Hatch, Jr., resides within the City of Newport, Rhode Island, within the jurisdiction of this Court.

3. The defendant Kristin M. Hatch resides within the City of Newport, Rhode Island, within the jurisdiction of this Court.

4. The defendants Richard H. Hatch, Jr., and Kristin M. Hatch are siblings.

5. The defendant Mortgage Lenders Network USA, Inc., doing business as Lenders Network, is joined as a party because it may have a lien or claim an interest in the properties described below.

6. The defendant Mortgage Electronic Registration Systems, Inc., as nominee of Mortgage Lenders Network USA, Inc., is joined as a party because it may have a lien or claim an interest in the properties described below.

7. The defendant Bank of America, N.A., is joined as a party because it may have a lien or claim an interest in the properties described below.

8. The defendant Citizens Bank, N.A., formerly known as Citizens Bank of Rhode Island, is joined as a party because it may have a lien or claim an interest in the properties described below.

9. The defendant State of Rhode Island, Department of Revenue, Division of Taxation, is joined as a party because it may have a lien or claim an interest in the properties described below.

10. Defendant City of Newport Tax Collector is joined as a party because, as the local taxing authority, the city may have a lien or claim an interest in the properties described below and to place it on notice of this Court's jurisdiction over the properties such that any local tax liens that have priority over federal tax liens under 26 U.S.C. § 6323(b)(6) will be satisfied in a

judicial sale under this Court's authority but that the properties may not be sold under other procedures during the pendency of this action.

    11.    The first real property upon which the United States seeks to enforce its tax liens is located at 21 Annandale Road, City of Newport, County of Newport, Rhode Island ("21 Annandale Property"), and has a legal description as follows:

> That certain lot or parcel of land, together with the buildings and improvements thereon, located in said City of Newport, and bounded and described as follows:
>
> <u>Easterly</u>:    by Annandale Road, forty six and six-tenths (46.6) feet;
>
> <u>Southerly</u>:    by land now or formerly of Wayne M. Sweeney, et ux, one hundred thirty-three and seven-tenths (133.7) feet;
>
> <u>Westerly</u>:    by land now or formerly of A.T.R. Construction Company, Inc., forty-six and six-tenths (46.6) feet; and
>
> <u>Northerly</u>:    by land now or formerly of John J. Murphy, et ux, One hundred thirty-three and six-tenths (133.6) feet.
>
> BE ALL said measurements more or less, or however otherwise the same may be bounded or described.
>
> BEING designated as Lot 107 on Tax Assessor's Plat 29 of the City of Newport, as presently constituted.

Being the property conveyed to Richard H. Hatch, Jr., and Kristin M. Hatch, as joint tenants, by quitclaim deed of Richard H. Hatch, Jr., dated April 4, 2005, and recorded with the City of Newport City Clerk as instrument number 27077, at Book 1608, Pages 271-273, on April 5, 2005; and, being the property conveyed to Kristin M. Hatch by quitclaim deed of Richard H. Hatch, Jr., dated May 3, 2005, and recorded with the City of Newport City Clerk as instrument number 27965, at Book 1621, Pages 33-34, on May 9, 2005.

12. The second real property upon which the United States seeks to enforce its tax liens is located at 23 Annandale Road, City of Newport, County of Newport, Rhode Island ("23 Annandale Property"), and has a legal description as follows:

> That certain lot or parcel of land, together with the buildings and improvements thereon, located in said City of Newport, and bounded and described as follows:
>
> <u>Northerly</u>: by land now or formerly of Richard H. Hatch, Jr., one hundred thirty-three and nine-tenths (133.9') feet;
>
> <u>Easterly</u>: on Annandale Road, forty-six and six-tenths (46.6')
>
> <u>Southerly</u>: by land now or formerly of Stefania Gulatiero, et als, one hundred thirty-three and nine-tenths (133.9') feet; and
>
> <u>Westerly</u>: by land now or formerly of Philip T. Coriander, et ux, forty-six and six-tenths (46.6') feet.
>
> BE ALL said measurements more or less, or however otherwise the same may be bounded or described.
>
> BEING designated as Lot 106 on Tax Assessor's Plat 29 of the City of Newport, as presently constituted.

Being the property conveyed to Kristen M. Hatch and Richard H. Hatch, Jr., as joint tenants with the right of survivorship, by warranty deed of Kenneth C. Penwell, II, and Mark H. Ford, dated June 3, 2002, and recorded with the City of Newport City Clerk as instrument number 006878, at Book 1178, Pages 091-094, on July 23, 2003; and being the property conveyed to Kristin M. Hatch by quitclaim deed of Richard H. Hatch, Jr., dated September 8, 2003, and recorded with the City of Newport City Clerk as instrument number 10150, at Book 1386, Pages 342-343, on September 8, 2003.

13. The 21 Annandale Property and 23 Annandale Property are hereinafter referred to as the Real Properties unless referred to individually.

**SEASON ONE OF SURVIVOR AND RELATED LEGAL PROCEEDINGS**

14. The United States incorporates by reference paragraphs 1 through 13 as if specifically realleged herein.

15. In the Spring of 2000, defendant Richard H. Hatch, Jr., appeared on the first season of the reality television show, *Survivor*. That same year, Mr. Hatch won the first season of *Survivor*, entitling him to prize money in the amount of $1,000,000, plus an additional $10,000 for appearing in the season finale.

16. Mr. Hatch untimely filed his Form 1040, Individual Income Tax Returns, for the 2000 and 2001 tax years and underreported his income by omitting the *Survivor* prize money.

17. On September 8, 2005, a grand jury indicted Mr. Hatch on 10 counts related to tax evasion, filing a false return, and wire fraud. *See United States v. Richard H. Hatch, Jr.*, No. 1:05-cr-98-WES-LDA, ECF No. 1 (D.R.I.).

18. On January 26, 2006, a jury found Mr. Hatch guilty of two counts of tax evasion under 26 U.S.C. § 7201 for the 2000 and 2001 income tax years. *See Hatch*, No. 1:05-cr-98-WES-LDA, ECF No. 49.

19. On May 24, 2006, Mr. Hatch was sentenced to 51 months incarceration with 3 years of supervised release. *See Hatch*, No. 1:05-cr-98-WES-LDA, ECF No. 64. As part of his sentence, Mr. Hatch was also required to file amended income tax returns for the 2000 and 2001 tax years and pay all taxes due and owing as to those years, but he failed to do so.

20. On or about February 25, 2010, the IRS mailed Mr. Hatch a Notice of Deficiency for the unassessed tax liabilities for the 2000 and 2001 income tax years.

21. On April 6, 2010, a delegate of the Secretary of the Treasury made assessments against Richard H. Hatch, Jr., for income taxes, late-filing penalties, and fraud penalties for the 2000 and 2001 income tax years, which are described more fully in paragraph 25, below.

22. On June 2, 2010, Mr. Hatch filed a petition with the United States Tax Court contesting the proposed deficiencies and penalties for the 2000 and 2001 tax years. *See Richard Holman Hatch, Jr. v. Comm'r*, No. 12573-10.

23. On April 6, 2012, the United States Tax Court entered a stipulated decision regarding the tax deficiencies and penalties for the 2000 and 2001 income tax years, and Richard H. Hatch, Jr., is barred and estopped from further contesting these liabilities.

## COUNT ONE
**(Claim Against Richard H. Hatch, Jr. to Reduce Income Tax Liabilities to Judgment)**

24. The United States incorporates by reference paragraphs 1 and 2 as if specifically realleged herein.

25. Pursuant to 26 U.S.C. § 6861, delegate of the Secretary of the Treasury made assessments against Richard H. Hatch, Jr., for income taxes and fraud penalties for the periods, on the dates, and in the amounts described below. These liabilities have balances due as of September 5, 2022, including assessed and accrued late-filing and late-payment penalties under 26 U.S.C. § 6651, costs, and statutory interest, and after applying any abatements, payments, and credits, as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due as of 09/05/2022 |
|---|---|---|---|---|
| 12/31/2000 | 04/06/2010 | Tax | $396,643.00 | $2,205,620.40 |
|  | 04/06/2010 | Fraud Penalty (IRC § 6663) | $297,482.25 |  |
|  | 04/06/2010 | Late-Filing Penalty (IRC § 6651(a)) | $98,040.00 |  |
| 12/31/2001 | 04/06/2010 | Tax | $152,645.00 | $709,831.19 |
|  |  | Fraud Penalty (IRC § 6663) | $114,483.75 |  |
| 12/31/2012 | 06/24/2013 | Tax | $2,916.00 | $4,562.14 |
| **Total** |  |  |  | $2,920,013.73 |

26. Notice of the liabilities described in paragraph 25 was given to, and payment demanded from, Richard H. Hatch, Jr.

27. Despite proper notice and demand, Richard H. Hatch, Jr., failed, neglected, or refused to fully pay the liabilities, and after the application of all abatements, payments, and credits, he remains liable to the United States in the amount of $2,920,013.73, plus statutory additions and interest accruing from and after September 5, 2022.

28. Richard H. Hatch, Jr., is estopped and barred by the judgment entered in his Tax Court case, detailed in paragraph 23, above, from contesting the amounts of taxes and penalties assessed for the 2000 and 2001 tax years.

29. Richard H. Hatch, Jr., is estopped and barred by the jury conviction entered in his criminal tax evasion case, detailed in paragraph 18, above, from contesting the fraud penalties assessed against him under 26 U.S.C. § 6663.

30. On December 5, 2012, Richard H. Hatch, Jr., requested a Collection Due Process Hearing before a levy under 26 U.S.C. § 6330 for the 2000 and 2001 income tax years, and the United States Tax Court entered a stipulated decision in this regard on October 7, 2014.

31. Richard H. Hatch, Jr., submitted multiple offers in compromise pursuant to 26 U.S.C. § 7122. The first offer in compromise for the 2000 and 2001 income tax years was pending from March 15, 2013, through August 7, 2013, when it was denied. The second offer in compromise for the 2000 and 2001 income tax years was pending from June 11, 2015, through January 14, 2016, when it was denied.

32. Although a proceeding in court must generally be commenced within ten years after the assessment of a tax, this action has been timely commenced under 26 U.S.C. § 6502 because the statute of limitations was tolled pursuant to 26 U.S.C. § 6330(e), as well as § 6331(i) and (k) for the 2000 and 2001 income tax years.

## COUNT TWO
**(Claim Against All Parties to Enforce Federal Tax Liens Against Real Properties)**

33. The United States incorporates by reference paragraphs 1 through 32 as if specifically realleged herein.

### *21 Annandale Property Transfers Prior to September 2005 Criminal Indictment*

34. Richard H. Hatch, Jr., obtained ownership and title to the 21 Annandale Property by warranty deed dated January 26, 1994, and recorded with the City of Newport City Clerk on January 27, 1994, at Book 629, Pages 245-246.

35. Richard H. Hatch, Jr., purportedly conveyed his interest in the 21 Annandale Property to himself and Kristin M. Hatch, as joint tenants, by quitclaim deed dated April 4, 2005, and recorded with the City of Newport City Clerk on April 5, 2005, at Book 1608, Pages 271-

272. In that quitclaim deed, Mr. Hatch covenanted that "the consideration for this transfer is such that no documentary stamps are required."

36. Richard H. Hatch, Jr., purportedly conveyed his remaining interest in the 21 Annandale Property to Kristin M. Hatch by quitclaim deed dated May 3, 2005, and recorded with the City of Newport City Clerk on May 9, 2005, at Book 1621, Pages 33-34.  In that quitclaim deed, Mr. Hatch covenanted that "the consideration for this transfer is such that no documentary stamps are required."

37. Richard H. Hatch, Jr., transferred record title of 21 Annandale Property for little or no consideration to Kristin M. Hatch, who is a mere nominee of Mr. Hatch, the true and equitable owner of said property.

***23 Annandale Property Transfers Prior to September 2005 Criminal Indictment***

38. Richard H. Hatch and Kristin M. Hatch obtained title to the 23 Annandale Property, as joint tenants with the right of survivorship, by warranty deed dated May 9, 2002, and recorded with the City of Newport City Clerk on May 14, 2002, at Book 1154, Pages 82-85.

39. A corrective warranty deed dated June 30, 2002, and recorded with the City of Newport City Clerk on July 23, 2002, at Book 1178, Pages 91-94, was recorded to include the "Jr." suffix in Mr. Hatch's name.

40. Richard H. Hatch, Jr., purportedly conveyed his interest in the 23 Annandale Property to Kristin M. Hatch by quitclaim deed dated September 8, 2003, and recorded with the City of Newport City Clerk on September 8, 2003, at Book 1386, Pages 342-343.  In that quitclaim deed, Mr. Hatch covenanted that "the consideration for this transfer is such that no documentary stamps are required."

41. Richard H. Hatch, Jr., transferred record title of 23 Annandale Property for no consideration to Kristin M. Hatch, who is a mere nominee of Mr. Hatch, the true and equitable owner of said property.

### *Notices of Federal Tax Lien Filed in the Name of Richard H. Hatch, Jr.*

42. Because Richard H. Hatch, Jr., neglected, refused, or failed to pay the liabilities described in paragraph 25, after notice and demand, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322 on the dates of the assessments and attached to all property and rights to property belonging to Mr. Hatch, including the Real Properties.

43. On April 9, 2010, a Notice of Federal Tax Lien was filed with the City Clerk's Office in the City of Newport, at Book 2084, Page 111, in accordance with 26 U.S.C. § 6323(f), against all property and rights to property belonging to Richard H. Hatch, Jr., for his unpaid federal income tax liabilities for the 2000 and 2001 tax years. This Notice of Federal Tax Lien was not timely refiled.

44. On May 27, 2011, a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. § 6325(f)(2), filed with the City of Newport City Clerk a Revocation of Certificate of Release of Federal Tax Lien at Book 2174, Page 266. The filing of this revocation, together with the mailing of notice of the revocation to Mr. Hatch, operated to reinstate the statutory lien for Mr. Hatch's 2000 and 2001 income tax liabilities, in accordance with 26 U.S.C. § 6325(f)(2) and 26 C.F.R. § 301.6325-1(f)(2)(i)-(iii).

45. On January 26, 2015, a Notice of Federal Tax Lien was filed with the City Clerk's Office in the City of Newport, at Book 2488, Page 62, in accordance with 26 U.S.C. § 6323(f), against all property and rights to property belonging to Richard H. Hatch, Jr., for his unpaid federal income tax liability for the 2012 tax year.

46. On September 17, 2021, at Book 3033, Page 252, a Notice of Federal Tax Lien was filed with the City of Newport City Clerk against all property and rights to property belonging to Richard H. Hatch, Jr., for his unpaid federal income tax liabilities for the 2000 and 2001 tax years.

47. The Notice of Federal Tax Lien filed in the name of Richard H. Hatch, Jr., for the 2012 tax year was timely refiled in accordance with 26 C.F.R. § 301.6323(f)-1 on August 9, 2022, at Book 3102, Page 151.

***Notices of Federal Tax Lien Filed in the Name of Kristin M. Hatch as the Nominee of Richard H. Hatch, Jr.***

48. On April 9, 2010, a Notice of Federal Tax Lien was filed with the City Clerk's Office in the City of Newport, in accordance with 26 U.S.C. § 6323(f), in the name of Kristin M. Hatch, as the nominee, transferee, or alter ago of Richard H. Hatch, Jr., for his unpaid federal income tax liabilities for the 2000 and 2001 tax years, at Book 2084, Page 112. This Notice of Federal Tax Lien was not timely refiled.

49. On May 27, 2011, a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. § 6325(f)(2), filed with the City of Newport City Clerk a Revocation of Certificate of Release of Federal Tax Lien at Book 2174, Page 268. The filing of this revocation, together with the mailing of notice of the revocation to Mr. Hatch, operated to reinstate the statutory lien for Mr. Hatch's 2000 and 2001 income tax liabilities, in accordance with 26 U.S.C. § 6325(f)(2) and 26 C.F.R. § 301.6325-1(f)(2)(i)-(iii).

50. On September 17, 2021, at Book 3033, Page 253, a Notice of Federal Tax Lien was filed with the City of Newport City Clerk in the name of Kristin M. Hatch, as nominee of Richard H. Hatch Jr., for his unpaid federal income tax liabilities for the 2000, 2001, and 2012 tax years.

*Fraudulent Transfers and Enforcement of Federal Tax Liens*

51. Richard H. Hatch, Jr., transferred the Real Properties to his sister, Kristin M. Hatch, for nominal or no consideration when he was facing an examination and a criminal investigation by the United States of America.

52. Upon information and belief, following the transfer of the Real Properties from Richard H. Hatch, Jr., to Kristin M. Hatch, Richard H. Hatch, Jr., lived in one or both of the Real Properties for unknown periods of time.

53. Richard H. Hatch, Jr., transferred record title of the Real Properties to Kristin M. Hatch with the actual intent to hinder, delay, or defraud the creditors of Richard H. Hatch, Jr., including the United States, and thus was fraudulent.

54. Richard H. Hatch, Jr., transferred record title to the Real Properties to Kristin M. Hatch without receiving a reasonably equivalent value in exchange for the Real Properties from Kristin M. Match, was made at a time when Mr. Hatch was engaged or was about to engage in a business or transaction for which his remaining assets were unreasonably small in relation to the business or transaction, and as such, the transfer of the Real Properties in this manner was fraudulent as to his creditors, including the United States.

55. Richard H. Hatch, Jr., transferred record title of the Real Properties without receiving a reasonably equivalent value in exchange for the Real Properties from Kristin M. Hatch, was made at a time when Mr. Hatch intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due, and as such, the transfers of Real Properties in this manner was fraudulent as to his creditors, including the United States.

56. Richard H. Hatch, Jr.'s federal income tax liabilities for the 2000 and 2001 tax years arose before he transferred record title of the Real Properties to Kristin M. Hatch.

57. Richard H. Hatch, Jr., transferred record title of the Real Properties without receiving a reasonably equivalent value in exchange for the Real Properties from Kristin M. Hatch, were made at a time when Mr. Hatch was insolvent or became insolvent as a result of the transfers.

58. Kristin M. Hatch did not have sufficient income at the time to purchase the Real Properties at full market value from Richard H. Hatch, Jr., or anyone else.

59. Upon information and belief, Kristin M. Hatch's reported income was less than $30,000 for the 2000-2004, 2006, and 2007 income tax years. Despite her meager income, after Richard H. Hatch, Jr., conveyed his interests in the Real Properties to Kristin M. Hatch, she was able to obtain loans secured by both Real Properties.

60. Richard H. Hatch, Jr.'s transfer of his interests in the Real Properties to Kristin M. Hatch allowed Kristin to gain equity in the Real Properties to the detriment of the United States.

61. As to the 23 Annandale Property, Kristin M. Hatch's income at the time was insufficient to obtain a mortgage without Richard H. Hatch, Jr., being named on the title. Both Richard H. Hatch, Jr., and Kristin M. Hatch admitted to the IRS that Richard H. Hatch, Jr., at least assisted or helped Kristin M. Hatch in obtaining a mortgage on the 23 Annandale Property.

62. To the extent that Richard H. Hatch, Jr., provided all of the purchase money to purchase the 23 Annandale Property, the Court should impose a resulting trust over the 23 Annandale Property for the benefit of the creditors of Richard H. Hatch, Jr., such as the United States.

63. Pursuant to 26 U.S.C. § 7403, the United States is entitled to judgment finding that Kristin M. Hatch is the mere nominee of Richard H. Hatch, Jr., and that Richard H. Hatch, Jr., is the true and equitable owner of the Real Properties. Alternatively, the transfers made by Richard H. Hatch, Jr., were fraudulent transfers and should be set aside and treated as void as to the United States.

64. The United States is entitled to enforce the federal tax liens described in paragraphs 42, 44, and 49 against the Real Properties pursuant to 26 U.S.C. § 7403 and to have the entire Real Properties sold in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, title, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of sale, including any expenses incurred to secure and maintain the Real Properties; second, to City of Newport Tax Collector, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the United States to pay the liabilities described above, except to the extent that the Court determines that another party has a superior right, title, claim, lien, or interest.

WHEREFORE, the plaintiff United States of America requests the following relief:

A. Judgment in favor of plaintiff United States of America and against the defendant Richard H. Hatch, Jr., for unpaid federal income tax liabilities for the tax years 2000, 2001, and 2012, in the amount of $2,920,013.73, plus statutory additions and interest accruing from and after September 5, 2022, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

  B. A determination that the United States has valid and subsisting federal tax liens under 26 U.S.C. §§ 6321, 6322, and 6325 securing the liabilities described in paragraph A on all property and rights to property belonging to Richard H. Hatch, Jr., including the Real Properties;

  C. A determination that Kristin M. Hatch is the mere nominee of Richard H. Hatch, Jr., and that Richard H. Hatch, Jr., is the true and equitable owner of the Real Properties, or, in the alternative, that Richard H. Hatch, Jr., fraudulently transferred the Real Properties to Kristin M. Hatch and that such transfers are set aside and void as to the United States;

  D. An order imposing a resulting trust over the 23 Annandale Property for the benefit of the creditors of Richard H. Hatch, Jr., such as the United States to the extent that all of the purchase money was provided by Richard H. Hatch, Jr.;

  E. An order enforcing the federal tax liens securing the liabilities described above pursuant to 26 U.S.C. § 7403 against the Real Properties by ordering the sale of the entire Real Properties in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of the sale, including any expenses incurred to secure and maintain the Real Properties; second, to the defendant City of Newport Tax Collector, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the plaintiff United States to pay the liabilities described in paragraph A, except to the extent that the Court determines that another party has a superior right, title, claim, lien, or interest; and,

  F. That the United States of America shall recover its costs, and be awarded such other and further relief as the Court determines is just and proper.

        Respectfully submitted,

        DAVID A. HUBBERT
        Deputy Assistant Attorney General
        Tax Division, U.S. Department of Justice

        */s/ Samantha S. Lieb*
        SAMANTHA S. LIEB
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 55
        Washington, D.C.  20044
        202-616-2901 (v)
        202-514-5238 (f)
        Samantha.Lieb@usdoj.gov

Of Counsel:

ZACHARY A. CUNHA,
United States Attorney