IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:22-cv-332-WES-LDA |
| Plaintiff, | ) | |
| | ) | Judge William E. Smith |
| v. | ) | |
| | ) | Magistrate Judge Lincoln D. Almond |
| RICHARD H. HATCH, JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| KRISTIN M. HATCH, | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant. | ) | |

**THE UNITED STATES' RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE
AND MOTION FOR RECONSIDERATION OF THE COURT'S JUNE 6, 2025 ORDER**

On June 5, 2025, the Court issued an order adopting in part and modifying in part the

Magistrate Judge's Report and Recommendation. ECF No. 106. Also on June 5, 2025, the Court

ordered the United States to show cause why, in light of the Court's order, the Court should not

enter summary judgment in favor of Defendants on the United States' claim to enforce its federal

tax liens against 21 and 23 Annandale Road, Newport, Rhode Island. On June 6, 2025, the Court

issued an amended order adopting in part and modifying in part the Magistrate Judge's Report

and Recommendation. ECF No. 107.  The Court should reconsider its amended order in light of

the United States' responses below.

In the Court's amended order, the Court granted in part and denied in part the United

States' motion for summary judgment and denied Defendants Richard and Kristin Hatch's

motions for summary judgment. In denying the United States' motion, **first**, the Court found that Ms. Hatch was likely to prevail on her affirmative defense that any potential fraudulent conveyances of 21 or 23 Annandale Road were time-barred by the statute of limitations in the Rhode Island Uniform Voidable Transactions Act. ECF No. 107 at 13-20. **Second**, the Court denied the United States' motion regarding its nominee theory based on Ms. Hatch's affirmative defenses that Rhode Island law does not recognize or support a nominee theory and that the United States' claim is barred by the doctrine of laches. ECF No. 107 at 20-25. **Third**, the Court denied the United States' motion regarding its resulting trust theory because the Court held that the United States did not prove its affirmative case because it did not present evidence that Mr. Hatch intended, when the 23 Annandale Road property was conveyed, that Ms. Hatch was to hold it in trust for his benefit, and based on Ms. Hatch's laches affirmative defense. ECF No. 107 at 25-29. The United States addresses each of these arguments in turn and requests that the Court reconsider its amended order in light of the below arguments and case law.

1. **The Statute of Limitations in the Rhode Island Uniform Voidable Transactions Act Does Not Apply to the United States.**

The statute of limitations on the collection of assessed federal taxes by a proceeding in court is governed by federal law. *See* 26 U.S.C. § 6502(a). The statute of limitations in the Rhode Island Uniform Voidable Transactions Act cannot form a basis for judgment in favor of Defendants or for a ruling against the United States. "It is well settled that the United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights." *United States v. Summerlin,* 310 U.S. 414, 416 (1940) *citing United States v. Thompson,* 98 U.S. 486 (1879); *United States v. Nashville, C. & St. L. Ry. Co.,* 118 U.S. 120, 125-26 (1886); *Stanley v. Schwalby,* 147 U.S. 508, 514-15 (1893); *Guaranty Trust Co. v. United States,* 304 U.S. 126, 132 (1938); *Board of County Commissioners v. United States,* 308 U.S. 343, 351 (1939).

This is the result whether the suit is brought in federal or state court. *United States v. Summerlin,* 310 U.S. at 416 *citing Davis v. Corona Coal Co.,* 265 U.S. 219, 222-23 (1924). When the United States uses a state's substantive law to set aside a transfer, it is not bound by a state's statute of limitations regardless of whether that statute is cast as a limitations period or an extinguishment of a claim. *See United States v. Summerlin*, 310 U.S. 414, 416 (1940); *accord Bresson v. Comm'r*, 213 F.3d 1173, 1179 (9th Cir. 2000); *United States v. Evans*, 340 Fed. Appx. 990, 993 (5th Cir. 2009); *United States v. Patras*, 544 Fed. Appx. 137, 143 (3d Cir.). Therefore, Ms. Hatch's statute of limitations defense cannot be a basis to deny the United States' motion for summary judgment or for the Court to issue judgment against the United States.

**2. The United States Can Still Prevail on Its Nominee Theory.**

This district, and at least one Rhode Island state court, have recognized that one party can hold title to property as the "nominee" of another who is the true and equitable owner of the property. In order to determine what property a federal tax lien may attach to, the analysis begins with Rhode Island state law. The federal tax lien statute, 26 U.S.C. § 6321, "creates no property rights but merely attached consequences, federally defined, to rights created under state law." *United States v. Craft,* 535 U.S. 274, 278 (2002) *citing United States v. Bess,* 357 U.S. 51, 55 (1958), and *United States v. National Bank of Commerce,* 472 U.S. 722 (1985); *see also G.M. Leasing Corp. v. United States*, 429 U.S. 338, 350-51 (1977) (federal tax liens attach to property belonging to a taxpayer but held in the name of a nominee). The analysis begins with state law to determine what rights the taxpayer has in the property and then to federal law to determine whether the taxpayer's rights qualify as property or rights to property under the federal tax lien statute. *Craft,* 535 U.S. at 278 *citing Drye v. United States,* 528 U.S. 49, 58 (1999). "A common idiom describes property as a 'bundle of sticks' -- a collection of individual rights which, in

certain combinations, constitute property." *Craft,* 535 U.S. at 278; *Town of Johnston v. Fed. House. Fin. Agency,* 765 F.3d 80, 83 (1st Cir. 2014).

At least one court in this district addressed one party holding title to property as nominee of another. *City of E. Providence v. First Am. Title Ins. Co.,* 2011 U.S. Dist. LEXIS 131328 at *21 (D.R.I. Oct. 13, 2011); *City of E. Providence v. First Am. Title Ins. Co.,* 2011 U.S. Dist. LEXIS 131319 at *6 (D.R.I. Nov. 14, 2011). In *City of East Providence,* the court found that "the City only obtained 'record' title, strictly as GeoNova's nominee, and not equitable or beneficial title." 2011 U.S. Dist. LEXIS 131328 at *21. The court went on to hold that "the only way that GeoNova can succeed on its claim is to prove that the City intended for GeoNova to be the equitable and beneficial owner of the Property while the City held virtually meaningless 'record' (i.e., 'paper') title – presumably as an elaborate fiction solely to satisfy HUD." *Id.* Additionally, a Superior Court in Rhode Island explicitly recognized that "[a] 'nominee' is '[a] party who holds bare legal title for the benefit of others or who receives and distributes funds for the benefit of others.'" *GeoNova Dev. Co., LLC v. City of E. Providence,* 2013 R.I. Super. LEXIS 109 at *15 (2013).

Rhode Island is a title-theory state, in which the title theory of mortgage law "splits the title [to a property] in two parts: the legal title, which becomes the mortgagee's and secures the underlying debt, and the equitable title, which the mortgagor retains." *Lister v. Bank of Am.,* 790 F.3d 20, 24-25 (1st Cir. 2015) (citing *Lemelson v. U.S. Bank Nat'l Ass'n,* 721 F.3d 18, 21 (1st Cir. 2013), *Bevilacqua v. Rodriguez,* 460 Mass. 762 (Mass. 2011), *Houle v. Guilebeault,* 70 R.I. 421, 423, 40 A.2d 438 (R.I. 1944)). The First Circuit went on to say that "[t]hough *Lemelson* interpreted Massachusetts' law to reach that conclusion, Rhode Island's identical understanding of the relationship between the mortgage and mortgagee necessarily leads to the same

understanding." *Lister,* 790 F.3d at 25 (citing *Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co.,* 547 F.3d 48, 52 (1st Cir. 2008)).

In analyzing state law, "we must be careful to consider the substance of the rights state law provides, not merely the labels the State gives these rights or the conclusions it draws from them. Such state law labels are irrelevant to the federal question of which bundles of rights constitute property . . ." *United States v. Craft,* 535 U.S. 274, 278-279 (2002). "[T]he fundamental principle of nominee ownership, namely that the substance of an arrangement, not the form, controls." *Cody v. United States,* 348 F. Supp. 2d 682, 697 (E.D. Va. 2004); *see also United States v. Klimek,* 952 F. Supp. 1100, 1114 (E.D. Pa. 1997), *United States v. Patras,* 544 Fed. Appx. 137, 141 (3d Cir. 2013). Nominee title "stems from equitable principles. Focusing on the relationship between the taxpayer and the property, the theory attempts to discern whether a taxpayer has engaged in a sort of legal diction, for federal tax purposes. . ." *In re Richards,* 231 B.R. 571, 578 (E.D. Pa. 1999). "The concept of 'beneficial or equitable' ownership is not foreign to Rhode Island jurisprudence." *Unisys Corp. v. R.I. Life & Health Ins. Guar. Ass'n*, 2003 R.I. Super. LEXIS 16 at *27 (2003). "Power can be and is exercised by one possessed of less than complete legal and equitable title." *United States v. Rhode Island Hospital Trust Co.*, 355 F.2d 7, 10 (1st Cir.1966); *see also Estate of Dodenhoff v. Clark*, 572 A.2d 1326, 1329 (1990).

Where a state's decisional law is undeveloped regarding the nominee title, the nominee factors from other federal tax collection cases may be applied. *Fourth Inv. LP v. United States*, 720 F.3d 1058, 1069-70 (9th Cir. 2013) ("The practice of grafting federal nominee doctrine onto an amorphous state law scheme is quite common.") (citations omitted); *accord May v. United States,* 2007 WL 3287513 at *2 (11th Cir. 2007); *Cody v. United States,* 348 F. Supp. 2d 682, 694 (E.D. Va. 2004). *United States v. Szaflarski*, 614 Fed. Appx. 836, 838-39 (7th Cir. 2015)

(applying five of the nominee factors developed in tax cases to determine a claimant's interest in property in a criminal forfeiture case). "In the absence of specific guidance from Illinois courts, we follow the practice of other federal courts by examining various factors to determine whether a titled owner was merely acting as the nominee for another." *Id.* (citing *Oxford Capital Corp. v. United States*, 211 F.3d 280, 284 n. 1 (5th Cir.2000)); *see also SEC v. Francisco*, 2023 WL 5506011 at * 3 (C.D. Cal. 2023); *SEC v. Ahmed*, 72 F.3d 379, 409 (2d Cir. 2023).

Rhode Island has recognized that one party can hold title to property as the nominee of another, and, if the Court believes that law to be undeveloped, then the Court can look to federal law for the analysis. Courts consider several factors in determining whether a titleholder is actually serving as a nominee for the benefit of another, including whether: (1) there is a close personal relationship between the nominee and the transferor; (2) the nominee paid little or no consideration for the property; (3) the parties placed the property in the name of the nominee in anticipation of collection activity; (4) the parties did not record the conveyance; and, (5) the transferor continues to exercise dominion and control over the property. *Szaflarski,* 614 Fed. Appx. 836, 838-39 (7th Cir. 2015) (citing *Oxford Capital Corp. v. United States*, 211 F.3d 280, 284 n. 1 (5th Cir.2000)).

### 3. Laches Does Not Apply to Claims of the United States

Laches is not available as an affirmative offense to a claim by the United States. The doctrine of laches is not legally cognizable against the United States when it seeks to enforce its sovereign rights such as when it is assessing or collecting taxes. *United States v. Summerlin*, 310 U.S. 414, 416 (1940); *accord Hatchett v. United States*, 330 F.3d 875, 887 (6th Cir. 2003) ("[T]here is no precedent holding that the Government is subject to its own laches in tax collection actions."); *United States v. Wurdemann*, 663 F.2d 50, 51 (8th Cir. 1981) (fraudulent

transfer case); *United States v. Fernon*, 640 F.2d 609, 612 (5th Cir. 1981) (fraudulent transfer case); *United States v. Thurston*, 346 F.Supp.2d 215, 219 (D. Me. 2004) ("A virtually unbroken line of authority ... holds that a private defendant cannot assert laches against the government") (citation omitted). Therefore, Ms. Hatch's laches affirmative defense cannot be a basis to deny the United States' motion for summary judgment or for the Court to issue judgment against the United States.

> **4. The United States Has Presented Evidence of Mr. Hatch's Intent that Ms. Hatch Hold the Annandale Road Properties in Trust for Him.**

In general, proof of an intention to create a resulting trust can be inferred. *See* Circumstances Establishing Purchase-Money Resulting Trust, 85 Am. Jur. Proof of Facts 3d § 4 (June 2025 Update). In addition, there are presumptions related to the intent of parties. "Where it is established that one has paid consideration for the transfer of title to property to another person, a purchase-money resulting trust may be presumed to exist for the benefit of the payor." Circumstances Establishing Purchase-Money Resulting Trust, 85 Am. Jur. Proof of Facts 3d § 20 (June 2025 Update). *See In re Degnan*, 361 B.R. 650, 654 (Bankr. D. R.I. 2007). It's not clear that Rhode Island varies from these norms.  This is not a situation where the taxpayer made a "mere general contribution toward the purchase" or "only a portion of the purchase price." *See Carrozza v. Voccola*, 962 A.2d 73, 76 (R.I. 2009). The United States maintains that Richard Hatch supplied the entire down payment for the purchase of 23 Annandale Road and financed the balance with a loan made in his name only. *See* ECF No. 72, p.29 ¶75, pp.29-30 ¶77, and p.30 ¶78; ECF No. 76, pp.2-7, and 15-16.

Nevertheless, the Court has ruled that there is a genuine issue of material fact as to who supplied the purchase money for 23 Annandale Road and the intent of the parties. The United States does not contest this aspect of the Court's Amended Order.

**5. Conclusion**

The United States hopes that, with the benefit of its briefing, the Court will see that it should not issue judgment for the defendants on Count Two of the United States' complaint. The United States also moves the Court to reconsider its amended order in consideration of the above arguments and case law.

Respectfully submitted,

UNITED STATES OF AMERICA,
Plaintiff and Counterclaim Defendant,

*/s/ Kimberly R. Parke*
KIMBERLY R. PARKE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
Phone: 202-353-0300
Fax: 202-514-5238
Kimberly.Parke@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of June 2025, I electronically filed the foregoing

*Notice of Appearance* with the Clerk of Court using the CM/ECF system, which will send

notification of such filing to all attorneys of record who have filed an appearance via the Court's

CM/ECF system.  I further certify that on this same date, I served via email and First-Class Mail,

postage prepaid, a copy of the foregoing document to the following recipient:

Richard H. Hatch, Jr.
21 Annandale Road
Newport, RI 02840
hatchrich@gmail.com
*Pro se* defendant

*/s/ Kimberly R. Parke*
KIMBERLY R. PARKE
Trial Attorney, Tax Division
U.S. Department of Justice