IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 1:22-cv-332-WES-LDA |
| Plaintiff, | ) | |
| | ) | Judge William E. Smith |
| v. | ) | |
| | ) | Magistrate Judge Lincoln D. Almond |
| RICHARD H. HATCH, JR., et al., | ) | |
| | ) | |
| Defendants, | ) | |
| KRISTIN M. HATCH | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant | ) | |

**DEFENDANT'S REPLY TO UNITED STATES RESPONSE TO THE COURT'S ORDER
TO SHOW CAUSE AND MOTION FOR RECONSIDERATION OF THE COURT'S
JUNE 6, 2025 ORDER**

On June 5, 2025, the Court issued an order adopting in part and modifying in part the

Magistrate Judge's Report and Recommendation. ECF No. 106. Also on June 5, 2025, the Court

ordered the United States to show cause why, in light of the Court's order, the Court should not

enter summary judgment in favor of Defendants on the United States' claim to enforce its federal

tax liens against 21 and 23 Annandale Road, Newport, Rhode Island. On June 6, 2025, the Court

issued an amended order adopting in part and modifying in part the Magistrate Judge's Report

and Recommendation. ECF No. 107.

In the Court's amended order (the Court's Amended Order"), the Court granted in part

and denied in part the United States' motion for summary judgment and denied Defendants

1

Richard and Kristin Hatch's motions for summary judgment. In denying the United States' motion, **first**, the Court found that Ms. Hatch was likely to prevail on her affirmative defense that any potential fraudulent conveyances of 21 or 23 Annandale Road were time-barred by the statute of limitations in the Rhode Island Uniform Voidable Transactions Act. ECF No. 107 at 13-20. **Second**, the Court denied the United States' motion regarding its nominee theory based on Ms. Hatch's affirmative defenses that Rhode Island law does not recognize or support a nominee theory and that the United States' claim is barred by the doctrine of laches. ECF No. 107 at 20-25. **Third**, the Court denied the United States' motion regarding its resulting trust theory because the Court held that the United States did not prove its affirmative case because it did not present evidence that Mr. Hatch intended, when the 23 Annandale Road property was conveyed, that Ms. Hatch was to hold it in trust for his benefit, and based on Ms. Hatch's laches affirmative defense. ECF No. 107 at 25-29. Ms. Hatch agrees with the Court's Amended Order that granted in part and denied in part the United States' motion for summary judgment and denied Defendants Richard and Kristin Hatch's motions for summary judgment. Hatch Response .001

**1. The Statute of Limitations in the Rhode Island Uniform Voidable Transactions Act Does Not Apply to the United States.**

Although the statute of limitations in the Rhode Island Uniform Voidable Transactions Act cannot form a basis for judgment in favor of Defendants or for a ruling against the United States, and that the United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights, if however the Court determines that the government's delay in pursuing a claim has caused significant prejudice to a defendant, it should be a factor the Court considers in entering summary judgment in favor of Defendants on Count Two of

2

Government's Complaint as it relates to the validity of the tax liens placed on 21 and 23 Annandale properties, which have been legally owned by Ms. Hatch since 2002 and 2005 respectively. Furthermore, Ms. Hatch, the legal owner of the 21 and 23 Annandale properties, does not owe the Government any taxes.

**2. The United States Can Still Prevail on Its Nominee Theory.**

The Court's Amended Order stated that the applicable material facts asserted by the Government are disputed by Ms. Hatch. Ms. Hatch's DSMF ¶¶ 52-56, 78, 81, 85-86. Thus, the Government does not meet its burden to show that "the record is so one-sided as to rule out the prospect of a finding in favor of the nonmovant on the claim." Wright & Miller § 2727.1 n.19. Furthermore, because the undisputed material facts in the record show that Ms. Hatch may well prevail at trial on her affirmative defenses, the Court finds persuasive Ms. Hatch's contentions that "Rhode Island law does not recognize or support the nominee theory asserted by the [Government]".

**3. The United States Has Presented Evidence of Mr. Hatch's Intent that Ms. Hatch Hold the Annandale Road Properties in Trust for Him.**

Since the Court has ruled that there is a genuine issue of material fact as to who supplied the purchase money for 23 Annandale Road and the intent of the parties, and the United States does not contest this aspect of the Court's Amended Order, there is no need for the Defendant to respond.

**4. Conclusion**

The Defendant prays that the Court will issue judgment for the defendants on Count Two of the United States' complaint as it relates to the validity of the tax liens placed on the 21 and 23 Annandale properties.

Respectfully submitted,

KRISTIN M. HATCH,
Defendant and Counterclaim Plaintiff,

*/s/ Gerard J. Levins*
GERARD J. LEVINS
*Admitted Pro Hac Vice*
Mass. BBO No. 649184
Levins Tax Law
1671 Worcester Road, Suite 304
Framingham, MA 01701
T: 888-333-9501
F: 888-333-0291
gerard@levinstaxlaw.com

June 26, 2025

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of June 2025, I electronically filed the foregoing

*Notice of Appearance* with the Clerk of Court using the CM/ECF system, which will send

notification of such filing to all attorneys of record who have filed an appearance via the Court's

CM/ECF system. I further certify that on this same date, I served via email and First-Class Mail,

postage prepaid, a copy of the foregoing document to the following recipient:


Richard H. Hatch, Jr.
21 Annandale Road
Newport, RI 02840
hatchrich@gmail.com
Pro se defendant


/s/ *Gerard J. Levins*
Gerard J. Levins, Esq.
Attorney for Defendant/Counter Plaintiff

5