UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:22-cv-332 |
| v. | ) | |
| | ) | |
| RICHARD H. HATCH, JR.; et al. | ) | |
| | ) | |
| Defendants. | ) | |

## *PRO SE* DEFENDANT RICHARD H. HATCH, JR.'S REPLY TO PLAINTIFF'S RESPONSE TO COURT'S JUNE 6, 2025, ORDER TO SHOW CAUSE

**NOW COMES**, *pro se* Defendant, Richard H. Hatch, Jr. ("Richard"), in Reply to Plaintiff's Response to Court's June 6, 2025, Order to Show Cause, as well as the Court's Memorandum and Order setting the Order to Show Cause. This Reply is intended only to address factual allegations relating to Richard as they are represented in the Government's Response and in the Court's Memorandum and Order, to the extent necessary to protect the record and preserve Richard's right to have unsubstantiated inaccuracies in such allegations corrected.

In its first point (on Page 3), Plaintiff writes, "When the United States uses a state's substantive law to set aside a transfer, it is not bound by a state's statute of limitations…" Whether bound by statutes of limitations (as the Court believes) or not, Plaintiff's efforts to "set aside a transfer" fail in both instant cases (23 and 21 Annandale) because Kristin's having paid full consideration for both properties is now a matter of record supported by documentary evidence and all testimony; and despite Plaintiff's obfuscatory efforts, Richard never paid any

1

consideration toward either of Kristin's purchases and never maintained dominion or control over either property since Kristin bought them. Plaintiff continues to ignore the facts, as it has done since this case's inception, in hopes the Court's prejudices will extend from Richard to his sister, Kristin; to her attorney, Chris Behan; and to her accountant, Dan Urso; and overcome the facts, relieving Plaintiff of having to meet its burden.

From the outset of this case, Richard has sought to understand what, if any, income tax on the $1M prize (earned in Malaysia) he might owe to the United States, and it remains Richard's understanding and position that he does not owe said income tax to the United States. After contacting the IRS for assistance and working with them for more than a year, the IRS instructed Richard to file his 2000 United States tax return without providing any guidance as to how that return should be prepared, and as instructed, Richard filed that return without including the $1M prize. While Richard now understands not including the $1M prize on his United States tax return was a mistake, had Richard included the $1M prize and taken the Foreign Tax Credit (FTC) that Plaintiff, for the first time, has finally admitted to this Court Richard was entitled to take, the FTC would have offset any income tax on the $1M allegedly owed to the United States, and the resultant taxes owed to the United States would have been the same as indicated in Richard's original tax return filed without including the $1M.

The IRS has acted in bad faith, through obfuscation, dissembling, and prevarication, and withholding what it has all along known from this Court, until now (on record in the instant proceedings), that income tax, if any, on Richard's $1M prize was owed to Malaysia, and Richard "could have taken the FTC" on his United States tax return. Plaintiff's actions have been similarly disingenuous with respect to its knowledge and what this Court identified, that Kristin paid reasonable consideration to purchase both 23 and 21 Annandale. The IRS' overzealous and

simultaneously dilatory tactics aside, this Court has been remiss in not acknowledging the undisputed fact taxes, if any, on the $1M prize were owed to Malaysia, not by Richard, but by CBS, Survivor Entertainment Group (SEG), and Mark Burnett and were required to have been paid to Malaysia before the Survivor production left the country in 2000. Further, prosecutors and this Court twice prevented Richard from earning money he could have used to pay the entire amounts alleged to have been owed by denying Richard permission to participate in two separate Survivor competitions in which he had been invited to participate.

This Court's bias (likely stemming from the original Court's egregious bias) is exposed on Page 3 of the Court's recent Memorandum and Order when the Court inaccurately writes, "Mr. Hatch did not pay the full income taxes **due** on his Survivor and Survivor-related earnings for tax years 2000 and 2001 (emphasis added)." While Judge Torres had ordered Richard to amend his tax return and to pay the taxes allegedly due, at that time and as a factual matter, neither the Court nor the IRS had made any determination of how Richard's tax return ought to be amended or of what taxes, if any, were due. Regardless, and despite Richard's inability to personally amend any tax return, Richard was fully complying with Judge Torres' Special Condition by engaging an accountant and fully cooperating with the IRS to determine how Richard's tax return should be amended. Neither the Court nor the IRS had made any finding with respect to how Richard's tax return should be amended. Judge Smith's apparent misunderstanding that some determination of how Richard's tax return should be amended and what taxes were due appears to have played a role in why Judge Smith mistakenly believed Richard violated his probation when he was, in fact, fully cooperating in efforts to determine how his tax return ought to be amended so he could pay whatever taxes, if any, might be due.

3

Further evidence of this Court's bias and resultant misunderstanding of the facts is exposed in its continued mischaracterization of Richard's conduct as "dilatory" on Page 3 of the Court's recent Memorandum and Order and in the Court's having wrongfully "found that [Richard's proactive and fully-cooperative efforts to file amended tax returns and pay any taxes due] violated a term of Mr. Hatch's supervised release and sentenced Mr. Hatch to an additional incarceration period of nine months." To this day, Richard remains unaware of both anything he could have done better to comply with the Court's special condition and of how Judge Smith justified sentencing Richard to nine additional months incarceration when prosecutors requested Richard serve six additional months. Richard then had (and still has) no personal ability to amend any tax return, and Richard knows of no way to better comply than to engage an accountant and fully cooperate with the IRS which, in this case and in writing, thanked Richard for his cooperation and determined Malaysia was entitled to the income tax on the $1M and made the further determination additional proceedings were required to determine how to properly amend Richard's tax return. But the IRS could not and did not assess Richard to owe any United States income tax on the $1M prize until 2010, when the IRS inaccurately theorized the statute of limitations may have expired with respect to Richard's entitlement to the FTC.

The factual allegations, replete with unsubstantiated inaccuracies, by both the Government and this Court continue to cast Richard in false light and make it necessary to file a Motion for Reconsideration.

Also, the Court's Memorandum and Order, page 10, summarily concludes that "Because Mr. Hatch fails to meaningfully object to the recommendation [on Count One], the Court overrules Mr. Hatch's quasi-objection. The Court adopts the Report and Recommendation on this

4

point and finds that the Government is entitled to summary judgment on Count One." Richard does not believe the Court has properly considered his evidence on this issue.

Further, regarding Count Two, Richard is in complete agreement with the Court's intention to rule favorably on that Count to the extent it deals with Kristin's rightful ownership in the Annandale properties. Richard has no objection to the Court's inclination to grant Kristin summary judgment on same. However, as it relates to Richard himself, the Court ruled at page 12 of the Memorandum and Order "because the Government is entitled to summary judgment on Count One, the existing tax liens upon all property and rights to property belonging to Mr. Hatch are valid. The Government is thus entitled to summary judgment on this aspect of Count Two." Again, it does not appear that the Court has given due consideration to the evidence in support of Richard's position, and the lack of evidence provided by the Government in support of its case against him.

On grounds that the Court's rulings on Count One and on Count Two (to the limited extent Count Two applied to Richard) will result in manifest injustice, Richard intends to promptly bring a Motion for Reconsideration both because the recitation of factual allegations in material points relating to Richard are inaccurate and on the basis of the scant treatment by the Court relating to Richard's substantive legal rights relating to taxability.

Respectfully submitted,                                    Dated: June 26, 2025

/s/ Richard H. Hatch, Jr.

Richard H. Hatch, Jr.- *Pro Se*
hatchrich@gmail.com
11 Lowndes Street
Newport, RI 02840
401-714-1230

5