```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
UNITED STATES OF AMERICA,          )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )    C.A. No. 22-332 WES
                                   )
RICHARD H. HATCH, JR., et al.,     )
                                   )
        Defendants.                )
_____)
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Senior District Judge.

Before the Court are the United States' Response to the Court's Order to Show Cause and Motion for Reconsideration of the Court's June 6, 2025 Order (the "Government's Motion"), Dkt. No. 111, and Pro Se Defendant Richard H. Hatch, Jr.'s Motion for Reconsideration of Interlocutory Summary Judgment Order Against Him on Counts One and Two ("Defendant's Motion"), Dkt. No. 114. For the reasons below, the Court denies both the Government's Motion and Defendant's Motion.

I.  **BACKGROUND**

The facts of this case are well known. For those who wish to familiarize themselves with the background of this dispute, the Court's Amended Memorandum and Order, Dkt. No. 107, describes the failure of Defendant Richard Hatch ("Mr. Hatch") to pay the taxes associated with the one million dollars in winnings that he earned

as the first successful contestant on the reality television show "Survivor"; his resulting incarceration based on his failure to pay his taxes; and the ongoing efforts of Plaintiff the United States of America (the "Government") to recover the outstanding balance of Mr. Hatch's unpaid debt from both Mr. Hatch and Defendant Kristin M. Hatch ("Ms. Hatch")(collectively, "Defendants"). As a result, the Court will refrain from fully reciting the facts and procedural history of this matter and will instead provide the background necessary to understanding the instant dispute.

Following Mr. Hatch's conviction, the Government brought an action seeking to collect on the unpaid tax debt. See generally Compl., Dkt. No. 1. Count One of the Government's Complaint seeks a judgment reducing Mr. Hatch's unpaid federal tax liabilities into a civil judgment pursuant to 26 U.S.C. § 7402(a). Id. ¶¶ 24-32. The Court's Amended Memorandum and Order granted summary judgment in the Government's favor on this count. Am. Mem. & Order 29. Count Two has presented a host of additional challenges for the Government. Specifically, Count Two seeks: (1) the Court's validation of its liens on Mr. Hatch's delinquent tax debt as authorized by 26 U.S.C. § 6321; and (2) an order pursuant to 26 U.S.C. § 7403 enforcing those liens and authorizing the sale of property located at 21 Annandale Road, Newport, Rhode Island ("21

Annandale"), and 23 Annandale Road, Newport, Rhode Island ("23 Annandale").[1]  Compl. ¶¶ 33-64, B, E.

While the Court's Amended Memorandum and Order granted summary judgment and validated the Government's liens pursuant to 26 U.S.C. § 6321, it refrained from entering summary judgment with respect to the enforcement of those liens.  Am. Mem. & Order 29.  Instead, the Court raised concerns regarding the timeliness of the Government's ability to seek this relief and ordered it to show cause as to why it should not have summary judgment entered against it.  See Text Order (June 5, 2025).  As referenced above, both the Government and Mr. Hatch moved for reconsideration of the Amended Memorandum and Order.

## II. DISCUSSION

### A. Legal Standards

To succeed on a motion for summary judgment, a movant must demonstrate that no genuine issue exists as to any material fact and that it is entitled to judgment as a matter of law.  See Boykin v. Genzyme Therapeutic Prods., LP, 93 F.4th 56, 60 (1st Cir. 2024) (citing Fed. R. Civ. P. 56(a)).  "The summary judgment ritual is standard fare: once the movant adumbrates an absence of evidence

---

[1] Mr. Hatch and Ms. Hatch jointly acquired 23 Annandale in 2002.  Pl./Countercl. Def. USA's Statement Undisputed Material Facts ("Gov't's SUMF") ¶¶ 70-74, Dkt. No. 62.  Prior to this acquisition, Mr. Hatch also owned 21 Annandale. Id. ¶¶ 21-22, 42. Following a period of financial hardship, Mr. Hatch transferred both properties to Ms. Hatch.  Id. ¶¶ 57, 86.

to support the nonmoving party's case, the burden shifts to the nonmovant to establish the existence of a genuine issue of material fact." Id. (citation modified). Importantly, "to carry this burden, the nonmovant cannot simply rely on evidence that is conjectural or problematic but, rather, must present definite, competent evidence." Id. (citation modified).

Separately, to prevail on a motion for reconsideration, a party ordinarily must demonstrate either that new, previously unavailable, and important evidence has surfaced or that the Court premised its original judgment on a manifest error of law or fact. See Caribbean Mgmt. Grp., Inc. v. Erikon LLC, 966 F.3d 35, 44-45 (1st Cir. 2020). Additionally, "[a]s long as the district court has not 'misapprehended some material fact or point of law,' a motion for reconsideration is rarely 'a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected.'" Id. (quoting Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006)). Finally, the denial of a motion for reconsideration is reviewed for an abuse of discretion. Id. (citing Guadalupe-Báez v. Pesquera, 819 F.3d 509, 518 (1st Cir. 2016)).

### B. The Government's Response to the Court's Show Cause Order

The Court's review of the record and the arguments submitted by the Government reveal that it has successfully shown cause as to why the Court should not enter summary judgment against it

concerning the enforcement of the lien against 21 Annandale and 23 Annandale.  Furthermore, the Court declines to accept the Government's invitation to reconsider its Amended Memorandum and Order and reaffirms its decision to deny summary judgment on the enforcement of its lien on 21 Annandale.[2]

Although the Amended Memorandum and Order expressed doubt regarding the timeliness of the Government's request to authorize the sale of 21 Annandale, the Court determines that the Government has successfully demonstrated its ability to seek this relief when it did.  Specifically, the Court declines to apply the statute of limitations contained in the Rhode Island Uniform Voidable Transactions Act ("UVTA") and determines that the Government is not time-barred from seeking relief pursuant to this statute.  See Ruthardt v. United States, 303 F.3d 375, 384 (1st Cir. 2002) ("The Supreme Court long ago held that (presumptively) claims of the United States as sovereign cannot be defeated by state statutes of limitation.  We say 'presumptively' because Congress can provide otherwise.") (citation omitted).  Moreover, Defendants have not articulated a cognizable argument against this conclusion.  See generally Def.'s Reply Gov't's Mot., Dkt. No. 112; Def.'s Reply

---

[2] The Government concedes that a genuine issue of material fact exists regarding the source of income used to purchase 23 Annandale.  Pl.'s Resp. Order Show Cause 7, Dkt. No. 111.  As a result, the Court leaves this aspect of its Amended Memorandum and Order undisturbed.

Pl.'s Resp., Dkt. No. 113. As a result, the Court determines that the statute of limitations contained within the UVTA does not present an obstacle to the Government's attempt to enforce its liens against 21 Annandale or 23 Annandale.

Notwithstanding this determination, the Court finds that a genuine dispute of material fact remains regarding whether Mr. Hatch fraudulently transferred 21 Annandale to Ms. Hatch and therefore rejects the Government's request to reconsider its Motion for Summary Judgment on this aspect of Count Two. Specifically, the record is replete with factual disputes regarding the circumstances surrounding the Hatches' intent and their ultimate decision to transfer 21 Annandale and 23 Annandale. See generally Pl./Countercl. Def. USA's Stmt. Disp. Facts, Dkt. No. 68. When viewed in the light most favorable to the nonmoving parties, a determination from the Court regarding these issues cannot take place on summary judgment. See Stepanischen v. Merchs. Despatch Transp. Corp., 722 F.2d 922, 928 (1st Cir. 1983) ("In cases where, as here, the state of mind of one of the parties is crucial to the outcome of the case, resort to summary judgment is vested with more than the usual difficulty. Under such circumstances, jury judgments about credibility are typically thought to be of special importance. Thus courts are particularly cautious about granting summary judgment in such cases."). Consequently, the Court declines to revisit its prior denial of

the Government's motion for summary judgment on this aspect of Count Two.

### C. Mr. Hatch's Motion for Reconsideration

Similarly, the Court rejects Mr. Hatch's attempt to seek reconsideration of its Amended Memorandum and Order. As he has done before, Mr. Hatch uses his Motion for Reconsideration as an improper opportunity to reargue the merits of his prior conviction and attempts to convince the Court that he lacks any responsibility for his failure to pay his incomes taxes. See Def.'s Mot. 5-22. However, Mr. Hatch's endeavor to reargue the merits of his conviction falls outside of the criteria that the Court may permissibly consider on a motion for reconsideration. See Caribbean Mgmt. Grp., 966 F.3d at 44-45. As a result, the Court declines to review the arguments contained in Mr. Hatch's motion and denies his Motion for Reconsideration.[3]

### III. CONCLUSION

Based on the foregoing, the Court concludes that the Government has successfully demonstrated that the Court should not

---

[3] In any event, Mr. Hatch appears to argue that the Supreme Court's opinion in Moore v. United States, 602 U.S. 572 (2024) absolves him of criminal liability arising out of his failure to pay taxes associated with his income. See Def.'s Mot. 9-12. However, Moore concerns Congress's ability to tax either an entity or its shareholders in the context of an entity's undistributed income. 602 U.S. at 589-90. It provides no support for Mr. Hatch's dubious argument that the federal government lacks the authority to collect income taxes from individuals who earn wages in the private sector.

grant summary judgment against it; and the Court DENIES both the Government's Motion for Reconsideration, Dkt. No. 111, and Mr. Hatch's Motion for Reconsideration, Dkt. No. 114. Inasmuch as a trial is necessary to resolve the factual dispute, this case shall be returned to the clerk's office on reassignment to another district judge.

IT IS SO ORDERED.

/s/ WESmith
_____
William E. Smith
Senior District Judge
Date: October 21, 2025