# United States Court of Appeals
## For the First Circuit

_____

No. 25-2111

UNITED STATES,

Plaintiff /Counter-Defendant - Appellee,

v.

RICHARD H. HATCH, JR.,

Defendant - Appellant,

BANK OF AMERICA, N.A.; CITIZENS BANK, N.A., f/k/a Citizens Bank of Rhode Island; MORTGAGE LENDERS NETWORK USA, INC., d/b/a Lenders Network; STATE OF RHODE ISLAND, DEPARTMENT OF REVENUE, Division of Taxation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., d/b/a Nominee for Mortgage Lenders Network USA, Inc.; CITY OF NEWPORT TAX COLLECTOR,

Defendants,

KRISTIN HATCH,

Defendant/Counter-Plaintiff.

_____

Before

Rikelman, Howard, and Aframe,
Circuit Judges.

_____

**JUDGMENT**

Entered: January 16, 2026

    Defendant-Appellant Richard Hatch, Jr., filed a notice of appeal from the district court's order denying his motion for reconsideration of a partial summary judgment order. The government has filed a motion to dismiss the appeal for lack of jurisdiction. Hatch has not filed a response and the government represents that he advised that he takes "no position" on the motion.

    After careful review of the government's motion and the relevant portions of the record, we conclude that this court lacks appellate jurisdiction at this time to review the district court's

partial summary judgment order or its denial of Hatch's motion for reconsideration thereof. This court's jurisdiction to review district court orders extends only to final decisions, 28 U.S.C. § 1291, and to certain interlocutory and collateral orders, 28 U.S.C. § 1292. The decisions Hatch seeks to challenge do not fall within either category. See Barrett ex rel. Estate of Barrett v. United States, 462 F.3d 28, 32-33 (1st Cir. 2006) (stating an order that does not dispose of all claims is not final and immediately appealable absent district court certification under Fed. R. Civ. P. 54(b)); see also Perea v. Editorial Cultural, Inc., 13 F.4th 43, 51 (1st Cir. 2021) ("[w]e are perfectly capable of reviewing a pretrial grant of partial summary judgment after a full trial on the merits of the remaining issues") (citation omitted); Domegan v. Fair, 859 F.2d 1059, 1062 (1st Cir. 1988) (concluding that neither a partial summary judgment order or an order denying reconsideration are final orders).

Accordingly, the motion to dismiss the appeal for lack of jurisdiction is allowed. See 1st Cir. R. 27.0(c) (permitting the court to dismiss the appeal at any time when appellate jurisdiction is lacking). This appeal is dismissed.

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Richard H. Hatch, Jr.
Justin J. Shireman
Michael R. Hagopian
Rachel Ida Wollitzer
Lauren S. Zurier
Kevin M. Bolan