# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　Plaintiff, )<br> )<br>　　v. )<br> )<br>RICHARD H. HATCH, JR., et al., )<br>　　　Defendants. ) | C.A. No. 1:22-cv-00332-JJM-AEM |

## SETTLEMENT CONFERENCE ORDER

This case having been referred to the undersigned for a settlement conference, IT IS ORDERED THAT:

1. A settlement conference is scheduled for **April 1, 2026** from **10 a.m. - 1 p.m. EST via Zoom.**

2. The following parties are excused from the settlement conference: Mortgage Lenders Network USA, Inc. doing business as Lenders Network; Mortgage Electronic Registration Systems, Inc. doing business as Nominee for Mortgage Lenders Network USA, Inc.; Bank of America, N.A.; Citizens Bank, N.A.; State of Rhode Island, Department of Revenue, Division of Taxation; and City of Newport Tax Collector.

3. Each participating Plaintiff shall submit a written settlement proposal to each participating Defendant no later than **one month prior** to the settlement conference. Plaintiff's demand shall particularize each category of damages sought and the method by which each was calculated, as well as any attorneys' fees or non-monetary relief sought. Defendant shall respond in writing within **one week** of receipt, addressing each aspect of the settlement demand. If Defendant responds to any aspect of the demand by offering nothing, then that shall be stated expressly and include an explanation for this position. This demand-and-response correspondence between the parties shall be included as an **attachment** with the **ex-parte letters** submitted to the Court, described in greater detail below.

4. No later than **March 18, 2026**, each party shall submit via email to **ridml_aem_settlement@rid.uscourts.gov** an **ex-parte letter** to the Court—**not to exceed ten (10) pages** exclusive of exhibits and the demand-and-response correspondence—candidly setting forth the following information **organized by item (a) – (h)** as set forth here:

    a. The names and position/title of the settlement conference attendees, indicating anyone approved to appear virtually;

    b. The facts you have a solid basis to prove at trial;

    c. The strengths and weaknesses of each side's case, both factual and legal, with citations to key authorities;

    d. An evaluation of the maximum and minimum damage awards you anticipate are likely (including interest and attorneys' fees where appropriate) and an overview of the evidentiary support for those awards;

    e. A statement detailing any outstanding discovery or pending motions that could have a significant effect on settlement;

    f. The history of settlement negotiations to date;

    g. A summary of any non-monetary terms that the party expects to seek in a settlement agreement; and

    h. An estimate of attorneys' fees and costs of litigation through trial.

5. The use of outlines, charts, and/or diagrams in the **ex-parte letters** is encouraged. The demand-and-response correspondence between the parties shall be submitted as an attachment to the **ex-parte letter**. If exhibits are crucial, then a party may provide **up to fifty (50) pages** of exhibits. Any exhibits must be submitted in one document as an attachment to the **ex-parte letter**, with an index, and with critical information in the exhibits **highlighted**.

6. If a corporation or other entity is a party, then a duly authorized officer or agent of that party armed with full authority to settle the case must attend. "Full authority" means that the person has full

and unfettered capacity and authority to meet or pay all terms or amounts which are demanded or sought by the other side of the case without consulting with another person, committee, or agency. If a person has limits upon the extent or amount within which they are authorized to settle on behalf of a party, then that person does not have "full authority." If an insurance company is involved on behalf of any party, a representative of the insurer with the power to pay the policy limits must also attend. Other persons whose input or authority may be required to achieve a complete resolution of the matter also must attend.

7. The parties agreed at the February 11, 2026 conference that Magistrate Judge Moses may contact counsel for represented parties and the pro se party ex-parte prior to the settlement conference.

8. Failure to comply with any aspect of this Settlement Conference Order may result in the postponement or cancellation of the settlement conference and sanctions such as the fees and costs expended by the other parties preparing for the settlement conference.

IT IS SO ORDERED.


/s/ Amy E. Moses_____
Amy E. Moses
United States Magistrate Judge

February 11, 2026