UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>RICHARD H. HATCH, JR.; and<br>KRISTEN M. HATCH,<br>    Defendants,<br><br>--and--<br><br>KRISTEN M. HATCH,<br>    Counterclaim Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Counterclaim Defendant. | No. 22-cv-332-JJM-AEM |

ORDER

This matter is before the Court on Defendant Richard H. Hatch Jr.'s Motion to Compel the Plaintiff and Counterclaim Defendant United States of America "to timely facilitate the renewal of [his] United States passport." ECF No. 127 at 1. The United States objects. ECF No. 129.

Mr. Hatch, involved in a long-running tax dispute with the government, asks this Court to use its "inherent authority" to compel the governments to return his

passport so that he can travel overseas, make a living, and begin to pay off his debt.[1] ECF No. 127 at 1.

The government responds that the statutory scheme used to bar Mr. Hatch's passport renewal, 26 U.S.C. § 7345, bars the Secretary of State from issuing a passport to an individual whose tax liabilities have been certified as a "seriously delinquent tax debt." ECF No. 129 at 3-5. It asserts that this lawsuit is about the collection of tax liabilities owed, and that it does not involve a claim that he does not have a seriously delinquent tax debt. *Id.* at 3. Because there is no assertion that Mr. Hatch's tax debt was not properly certified, this Court has no authority to interfere.

The government on this issue seems correct. Mr. Hatch, while continuing to assert that he has been subject to "systemic judicial abuse, psychological torture, and prosecutorial overreach," ECF No. 127 at 17, cites no authority for this Court, in this case, to overturn a certification of a seriously delinquent tax debt, resulting in a non-renewal of his passport. Simply put, this is not the correct legal vehicle for Mr. Hatch to receive his requested relief.[2]

Thus, the Court DENIES Richard Hatch's Motion to Compel. ECF No. 127.

---

[1] Mr. Hatch also asks this Court to reconsider some previous court rulings (issued at a time before this case was transferred to the current presiding judge due to the retirement of the previous judge). ECF No. 127 at 17-19. This Court sees no reason now to reconsider any prior orders of the Court.

[2] For what it is worth, it would seem to be in the government's best interest to work with Mr. Hatch so that he may obtain his passport to allow him to earn a living through work overseas to pay off his tax debt. But alas, this Court does not have the authority in this case to so by order.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

March 2, 2026

3